United States District Court
Southern District of Texas

**ENTERED**

March 21, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SBMC HEALTHCARE, LLC, | § | BANKRUPTCY NO. 12-33299-H4-11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| MARTY McVEY, Individually, and | § | |
| McVEY & CO. INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 14-03126 |
| | § | |
| MILLARD A. JOHNSON, | § | |
| Individually, and JOHNSON, | § | |
| DeLUCA KURISKY & GOULD, P.C., | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| MILLARD A. JOHNSON, | § | |
| Individually, and JOHNSON, | § | |
| DeLUCA KURISKY & GOULD, P.C., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 15-1173 |
| | § | |
| MARTY McVEY, Individually, and | § | |
| McVEY & CO. INVESTMENTS, LLC, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Appellants, Millard A. Johnson, individually, and Johnson
DeLuca Kurisky & Gould, P.C., appeal two orders of the Bankruptcy
Court entered in Adversary No. 14-03126:

the September 18, 2014, Order: (1) Granting in Part and
Denying in Part the Defendants' Motion to Dismiss;
(2) Denying the Trust's Motion to Intervene in Its
Entirety; (3) Granting in Part and Denying in Part the
Plaintiffs' Motion for Remand ("Order of Partial
Dismissal and Remand," Adversary Docket Entry No. 46);
and

the April 22, 2015, Order Denying Defendants' Motion to
Amend or for Clarification of Judgment of Partial
Dismissal and Remand Order Pursuant to Bankr. R. Pro.
9023 ("Order Denying Defendants' Motion to Amend or
Clarify," Adversary Docket Entry No. 90).[1]

Pending before the court are Appellants' Motion to Dismiss Putative

Cross-Appeal (Docket Entry No. 2), Appellants' Opening Brief

(Docket Entry No. 12), Appellees' Brief (Docket Entry No. 15), and

Appellants' Reply Brief (Docket Entry No. 18).[2]  For the reasons

explained below, the Bankruptcy Court's April 22, 2015, Order

Denying Defendants' Motion to Amend or Clarify (Adversary Docket

Entry No. 90) will be reversed, Appellants' Motion to Dismiss

Putative Cross-Appeal (Docket Entry No. 2) will be denied as moot,

and this action will be remanded to the Bankruptcy Court for

further consideration.

---

[1]Notice of Appeal, Docket Entry No. 1-1, and Exhibits A-B
attached thereto.

[2]Three designations of record have been filed, i.e., Docket
Entry Nos. 3 (Appellants' Bankruptcy Record on Appeal ("Appellants'
BROA")), 4 (Appellees' Bankruptcy Record on Appeal ("Appellees'
BROA")), and 7 (Addendum to Bankruptcy Record on Appeal ("Addendum
to Appellants' BROA")).  Page citations to the Bankruptcy Court
documents included in these filings are to the pagination imprinted
by the federal court's electronic filing system at the top and
right of the document.  Page citations to the parties' briefs are
to the native page numbers at the bottom of the page.

## I.  Factual and Procedural Background

This case arises out of the Chapter 11 bankruptcy of SBMC Healthcare LLC ("SBMC" or "Debtor") d/b/a Spring Branch Medical Center.  Marty McVey ("McVey") was SBMC's president and 100% equity owner.[3]  On April 5, 2012, Harborcove Financial, LLC ("Harborcove") filed suit against SBMC and against McVey individually in the 80th Judicial District Court of Harris County, Texas, Cause Number 2012-20333, to collect on a loan obligation that SBMC had pledged and McVey had personally guaranteed.  Harborcove sought to foreclose on its lien against SBMC's assets and to set a foreclosure sale for those assets on May 1, 2012.[4]  On April 27, 2012, Millard A. Johnson ("Johnson") and his law firm, Johnson, DeLuca, Kurisky & Gould, P.C. ("JDKG") (collectively, "Appellants"), filed a pre-petition answer in the Harborcove lawsuit on behalf of McVey.[5]  On

---

[3]Appellants' Opening Brief, Docket Entry No. 12, p. 4; Appellees' Brief, Docket Entry No. 15, p. 4.

[4]Original Petition, Application for Temporary Restraining Order and for Injunctive Relief, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 434-49.

[5]Original Answer of Defendant Marty McVey filed in Cause No. 2012-20333, Harborcove Financial LLC v. SBMC Healthcare, LLC and Marty McVey, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 345-47).  See also Counsel for SBMC Healthcare, LLC and Marty McVey's Motion to Withdraw filed on August 5, 2013, in Cause No. 2012-20333, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 349-52 (see especially p. 349 ¶ 1 stating:  "The law firm of Johnson DeLuca Kurisky & Gould, P.C. ('JDKG'), counsel for SBMC Healthcare, LLC and Marty McVey, appeared on SBMC Healthcare, LLC and Marty McVey's behalf on or about April 27, 2012.");  Order on Counsel for SBMC Healthcare, LLC and Marty McVey's Motion to Withdraw in Cause No. 2012-20333, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 353-54 (granting JDKG's motion to withdraw as counsel for SBMC and McVey on August 9, 2013).

the same date, i.e., April 27, 2012, SBMC entered into a written agreement with Harborcove ("the Rule 11 Agreement") pursuant to which SBMC would receive another 120 days to find a buyer if SBMC paid $1,525,000.00 of its outstanding debt to Harborcove by April 30, 2012 ("the Rule 11 Payment").[6]

On April 30, 2012, McVey met with Johnson and attorney Marilee Madan ("Madan") because SBMC was unable to make the Rule 11 Payment. Because the foreclosure sale was set for the next day, i.e., May 1, 2012, Madan advised bankruptcy as SBMC's best option.[7] Later that day SBMC filed for bankruptcy,[8] and McVey signed a retention agreement with JDKG pursuant to which JDKG agreed to represent SBMC in the Chapter 11 proceeding styled <u>In re SBMC Healthcare, LLC</u>, Cause Number 12-33299.[9]

On June 18, 2012, the Bankruptcy Court approved the appointment of Madan as general counsel and JDKG as special litigation counsel for SBMC.[10]

---

[6]April 27, 2012, Letter Agreement, attached to Addendum to Appellants' BROA, Docket Entry No. 7-6, pp. 71-73.

[7]Transcript of Hearing held on December 15, 2014, in Adversary No. 14-03126-H4-ADV, attached to Addendum to Appellants' BROA, Docket Entry No. 7-32, pp. 97:15-98:13.

[8]Voluntary Petition, Docket Entry No. 1 in Bankruptcy Case No. 12-33299-H4-11.

[9]April 30, 2012, Retention Agreement, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 397-400.

[10]<u>See</u> Order Granting Amended Application to Employ Johnson DeLuca Kurisky & Gould P.C. as Special Bankruptcy Counsel to the Debtor Pursuant to 11 U.S.C. §§ 327 and 328(a), Docket Entry No. 179 in Bankruptcy Case No. 12-33299-H4-11.

On August 1, 2012, Matthew Probus filed a Notice of Appearance Under Bankruptcy Rule 9010(b) and Request for Notice Pursuant to Bankrutpcy Rules 2002, 3017 and 9013 on behalf of Marty McVey, who was identified as a party in interest in SBMC's bankruptcy.[11]

On March 25, 2013, the First Amended Plan of Liquidation by the Official Committee of Unsecured Creditors and Joint Plan of Liquidation of the Committee and SBMC Healthcare, LLC ("the Plan") was filed in SBMC's bankrutpcy.[12]   The Plan created a liquidating trust ("SBMC Liquidating Trust" or the "Trust") to liquidate the Debtor's assets, and contained the following release of exculpated persons ("Release of Exculpated Persons"):

> 13.4. <u>Releases and Limitation of Liability of Exculpated Persons</u>.  The Exculpated Persons shall not have or incur any liability to any Person for any act taken or omission made in good faith in connection with or in any way related to negotiating, formulating, implementing, confirming, or consummating this Plan, the Disclosure Statement or any contract, instrument, filing with governmental agencies, release, or other agreement or document created in connection with or related to this Plan, any prior plan or disclosure statement of the Debtor, or the administration of the Bankruptcy Case, nor with respect to any liability, claim or cause of action, whether known or unknown, asserted or unasserted, belonging to or assertable by the Debtor, the Estate, or the Liquidating Trustee against the Exculpated Persons, from the beginning of time until the Effective Date unless the act is found to be in violation of the Bankruptcy Code, State Law or Federal Law.  The

---

[11]Notice of Appearance Under Bankruptcy Rule 9010(b) and Request for Notice Pursuant to Bankruptcy Rules 2002, 3017 and 9013, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 658-59.

[12]Appellants' BROA, Docket Entry No. 3-2, pp. 541-89.  <u>See also</u> <u>id.</u> at 590-639 (copy of Plan signed by McVey).

Exculpated Persons shall have no liability to any Person for actions taken in good faith under or relating to this Plan or in connection with the administration of the Bankruptcy Case including, without limitation, failure to obtain confirmation of this Plan or to satisfy any condition or conditions precedent, or waiver of or refusal to waive any condition or conditions precedent to Confirmation or to the occurrence of the Effective Date. Further, the Exculpated Persons shall not have or incur any liability to any Person for any act or omission in connection with or arising out of their administration of this Plan. The releases contained in this paragraph do not apply to violations of the Bankruptcy Code, egregious conduct, gross negligence or willful misconduct as determined by the Bankruptcy Court. The Committee Members and its Counsel are fully exculpated from any all claims.[13]

On April 4, 2013, the Bankruptcy Court confirmed the Amended Plan of Liquidation in SBMC's bankrutpcy case.[14]

On March 10, 2014, McVey and McVey & Co. Investments, LLC ("MCI," collectively, "Appellees"), filed suit against Appellants in the 270th District Court of Harris County, Texas, asserting claims for legal malpractice, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act.[15] Asserting that SBMC was sold for an amount that was not sufficient to cover

---

[13]First Amended Plan of Liquidation by the Official Committee of Unsecured Creditors and Joint Plan of Liquidation of the Committee and SBMC Healthcare, LLC, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 581-82.

[14]Order Confirming First Amended Plan of Liquidation by the Official Committee of Unsecured Creditors and Joint Plan of Liquidation of the Committee and SBMC Healthcare, LLC, attached to Appellants' BROA, Docket Entry No. 3-2, pp. 2007-29.

[15]Plaintiffs' Original Petition & Request for Disclosure, attached to Addendum to Appellants' BROA, Docket Entry No. 7-6, pp. 57-69.

all of its debts, Appellees alleged that Appellants' advice that
SBMC file for bankruptcy caused them to suffer personal injury when
creditors of SBMC sued them in their individual capacities as
guarantors of SBMC's debts.[16]

On April 21, 2014, Appellants initiated an adversary action
(Adversary No. 14-03126) by removing Appellees' state court suit to
Bankruptcy Court pursuant to 28 U.S.C. § 1452, Federal Rule of
Bankruptcy Procedure 9027, and Bankruptcy Local Rule 9027-1.[17]

On April 25, 2014, Appellants filed a Motion to Dismiss
Adversary No. 14-03126 arguing that (1) Appellees lacked standing
because their claims belonged to the Debtor, i.e., SBMC, and any
damages Appellees suffered were derivative of damages suffered by
SBMC; and (2) Appellees' claims were barred by the Release of
Exculpated Persons contained in SBMC's confirmed Plan.[18] Appellees
responded that the claims at issue were not derivative of the
Debtor's claims because Appellants had individual attorney-client
relationships with Appellees, Appellants breached their individual
duties to Appellees, and those breaches proximately caused

---

[16]Id.

[17]Notice of Removal, attached to Addendum to Appellants' BROA,
Docket Entry No. 7-2, pp. 1-7.

[18]Defendants' Motion to Dismiss Pursuant to Bankruptcy Rule of
Procedure 7012(b)(1) and (6), and Memorandum in Support of
Defendants' Motion to Dismiss Pursuant to Bankr. R. P. 7012(b)(1)
and (6), attached to Addendum to Appellants' BROA, Docket Entry
No. 7-3.

Appellees to suffer damages separate and distinct from damages suffered by SBMC.[19]

On April 29, 2014, the SBMC Liquidating Trust ("Trust") filed a Motion to Intervene arguing that the Trust, as owner, successor-in-interest, and holder of all causes of action of the Debtor, and former debtor-in-possession, owns the causes of action that Appellees asserted in the state court action.[20]

On May 8, 2014, Appellees filed a Motion to Remand, arguing that the Bankruptcy Court lacked subject matter jurisdiction over the claims that they asserted in the state court action or, alternatively, that the Bankruptcy Court should mandatorily or permissively abstain from hearing the dispute.[21]

On June 4, 2014, and June 12, 2014, the Bankruptcy Court held hearings on Appellants' motion to dismiss, the Trust's motion to intervene, and Appellees' motion to remand.[22]

---

[19]Plaintiffs' Response to Defendants' Motion to Dismiss Pursuant to Bankruptcy Rule of Procedure 7012(b)(1) and (6) and Plaintiffs' Memorandum in Support of Plaintiffs' Response to Defendants' Motion to Dismiss Pursuant to Bankruptcy Rule of Procedure 7012(b)(1) and (6), attached to Addendum to Appellants' BROA, Docket Entry No. 7-7.

[20]SBMC Liquidating Trust's Motion to Intervene, Docket Entry No. 10 in Adversary No. H-14-03126.

[21]Plaintiffs' Motion to Remand or, Alternatively, Motion to Abstain, attached to Addendum to Appellants' BROA, Docket Entry No. 7-5.

[22]Transcript of Hearing held on June 4, 2014, in Adversary No. 14-03126-H4-ADV, Docket Entry No. 3-3; Transcript of Hearing held on June 12, 2014, in Adversary No. 14-03126-H4-ADV, Docket Entry No. 3-4.

On September 18, 2014, the Bankrutpcy Court granted in part and denied in part Appellants' motion to dismiss and Appellees' motion to remand.[23]  The Bankruptcy Court granted Appellants' motion to dismiss "all causes of action brought by [Appellees] alleging injury due to the devaluation of SBMC stock,"[24] dismissed those claims with prejudice, and denied Appellees' motion to remand those claims.  The Bankruptcy Court denied Appellants' motion to dismiss "all causes of action brought by the [Appellees] alleging direct injury to them due to negligence, breach of fiduciary duty and violation of the Texas Deceptive Trade Practices Act,"[25] and remanded those claims to state court.[26]  On September 22, 2014, the clerk mailed the order of partial remand to the state court.[27]

On September 24, 2014, Appellants moved the Bankruptcy Court to reconsider its September 18, 2014, Order to clarify

---

[23]Order: (1) Granting in Part and Denying in Part the Defendants' Motion to Dismiss; (2) Denying the Trust's Motion to Intervene in Its Entirety; (3) Granting in Part and Denying in Part the Plaintiffs' Motion for Remand, attached to Addendum to Appellants' BROA ("Order of Partial Dismissal and Remand"), Docket Entry No. 7-20.  See also Memorandum Opinion Regarding Defendants' Motion to Dismiss, the Trust's Motion to Intervene, and Plaintiffs' Motion for Remand, attached to Addendum to Appellants' BROA, Docket Entry No. 7-19.

[24]Order of Partial Dismissal and Remand, attached to Addendum to Appellants' BROA, Docket Entry No. 7-20, p. 2.

[25]Id.

[26]Id.

[27]Docket Entry No. 49 in Adversary No. 14-03126.

> (1) that any claim by [Appellees] that they have become
> or will become liable to creditors by virtue of SBMC
> Healthcare LLC's inability to pay or have incurred cost
> in defending such claims is a derivative claim which is
> dismissed; and (2) that the [Appellants'] decision to
> advise [Appellees] to commence a bankruptcy filing for
> SBMC Healthcare LLC is released by the Plan of
> Reorganization.[28]

Appellants acknowledged that "[o]ther narrower claims implied by the pleading are presumed to be true for now and appear to still require remand."[29]  Appellees' responded that if the Plan's Release was broad enough to cover pre-petition advice, the Release is invalid because Appellants negotiated it while they had attorney-client relationships with Appellees without making disclosures required by the Texas Disciplinary Rules of Professional Conduct.[30]

On October 30, 2014, the Bankruptcy Court entered an order granting in part and carrying in part Appellants' motion for reconsideration.  The Bankruptcy Court stated:

> Defendants ask this Court to reconsider: (1) its
> classification of certain of Plaintiffs' claims as
> direct, as opposed to derivative; and (2) its
> interpretation of a provision that limits the liability
> of the Defendants (the Exculpatory Provision) in the
> Plan. . . This Court may reconsider its Memorandum
> Opinion under Federal Rule of Civil Procedure 59(e),

---

[28]Defendants' Motion to Amend or for Clarification of Judgment of Partial Dismissal and Remand Pursuant to Bankr. R. Pro. 9023 ("Appellants' Motion to Amend or Clarify"), attached to Addendum to Appellants' BROA, Docket Entry No. 7-21, p. 10.

[29]Id.

[30]Plaintiffs' Response to Defendants' Motion to Amend or for Clarification of Judgment of Partial Dismissal and Remand Pursuant to Bankr. R. Proc. 9023, attached to Addendum to Appellants' BROA, Docket Entry No. 7-22.

which is incorporated by Bankruptcy Rule of Procedure
9023. . . Rule 59(e) allows courts to reconsider a
judgment either to account for new facts or to correct a
manifest error of law. . . After considering the Motion
to Amend, the Response, and the Reply, this Court
concludes that the Memorandum Opinion contained a
manifest error of law in its conclusion that the
Exculpatory Provision was unambiguous."[31]

The Bankruptcy Court reopened the record to develop "extrinsic
evidence on the [exculpatory] provision's meaning,"[32] and held
hearings on December 12 and 15, 2014, and January 27 and 28, 2015.[33]

At the initial hearing held on December 12, 2014, Appellees'
counsel argued that the Bankruptcy Court had no jurisdiction to
amend its Order of Partial Dismissal and Remand because Appellees'
direct claims had already been remanded.[34]   On March 9, 2015, the

---

[31]Order: (1) Granting in Part and Carrying in Part Defendants'
Motion to Amend or for Clarification of Judgment of Partial
Dismissal and Remand Pursuant to Bankr. R. Pro. 9023; (2) Reopening
the Record to Allow the Parties to Introduce Exhibits and Adduce
Testimony; and (3) Setting a Hearing for 9:30 A.M. on December 12,
2014, attached to Addendum to Appellants' BROA, Docket Entry
No. 7-24, p. 3 (citations omitted).

[32]Id. at 6.

[33]See Hearing Transcripts, attached to Addendum to Appellants'
BROA, Docket Entry Nos. 7-29 (December 12, 2014, Testimony of Ruth
Van Meter Only); 7-32 (December 15, 2014, #50 - Continued Hearing
on Motion to Amend or for Clarification of Judgment); 7-34
(January 27, 2015, #50 - Continued Hearing on Motion to Amend or
for Clarification of Judgment); 7-35 (January 28, 2015, #50 -
Continued Hearing on Motion to Amend or for Clarification of
Judgment); and 7-36 (December 12, 2014, Complete Hearing Transcript
on #50 - Motion to Amend or for Clarification of Judgment).

[34]See December 12, 2014, Complete Hearing Transcript on #50 -
Motion to Amend or for Clarification of Judgment, attached to
Addendum to Appellants' BROA, Docket Entry No. 7-36, pp. 13-14
(Appellees' counsel argued: "First of all, we would object to this
(continued...)

-11-

parties submitted post-hearing briefs.[35]  On April 22, 2015, the
Bankruptcy Court issued its Order Denying Defendants' Motion to
Amend or Clarify, and vacated its October 30, 2014, Order.[36]

## II.  Appellants' Motion to Dismiss Putative Cross-Appeal

Asserting that Appellees failed to timely file a cross-notice
of appeal of any part of the Bankruptcy Court's final orders issued
in Adversary Case No. 14-03126 but, instead, "merely designated
certain issues on appeal which might have been the subject of a
properly filed cross-appeal,"[37] Appellants argue that "Appellees

---

[34](...continued)
hearing even going forward because the Court in its first Order,
Document 45, entered 9/18/2004 [sic], . . . stated that it has no
subject matter jurisdiction.  After the Motion for Clarification
was filed, the Court came out with another Order and confirmed the
fact that the Court has no subject matter jurisdiction with regard
to Mr. McVey's personal claims.  So quite frankly, I'm confused as
to why we're even here on a Motion to Dismiss, when the Court lacks
subject matter jurisdiction over these claims.").

[35]See Plaintiffs' Post-Hearing Brief Concerning Defendants'
Motion to Amend or for Clarification of Judgment of Partial
Dismissal and Remand Pursuant to Bankr. R. Pro. 923, attached to
Addendum to Appellants' BROA, Docket Entry No. 7-37; Defendants'
Post-Hearing Brief Related to Motion to Amend or for Clarification
of Judgment of Partial Dismissal and Remand Pursuant to Bankr. R.
Pro. 9023 [Dkt. 50], attached to Addendum to Appellants' BROA,
Docket Entry No. 7-38.

[36]Order  Denying  Defendants'  Motion  to  Amend  or  for
Clarification of Judgment of Partial Dismissal and Remand Order
Pursuant  to  Bankr.  R.  Pro.  9023,  attached  to  Addendum  to
Appellants' BROA, Docket Entry No. 7-39.  See also Transcript of
Hearing held on April 22, 2015, in Adversary No. 14-03126-H4-ADV,
Docket Entry No. 3-5.

[37]Appellants' Motion to Dismiss Putative Cross-Appeal, Docket
Entry No. 2, p. 2.

purported cross-appeal should be dismissed and its original and amended 'Statement of Issues' (Adv. Docs. 100 at 9 and 106 at 10-11), that advance issues separate from those identified by the Appellant[s], should be stricken."[38]   In response to Appellants' Motion to Dismiss Putative Cross-Appeal, "Appellees withdraw the cross-issues previously asserted"[39] and expressly agree that "the only issues to be presented in this appeal are the issues designated by Appellants."[40]   Accordingly, Appellants' Motion to Dismiss Putative Cross-Appeal will be denied as moot.

### III.   <u>Issues on Appeal and Standard of Review</u>

Appellants raise three issues on appeal:

(1)   Did the Bankruptcy Court err when it determined that it did not have jurisdiction to reconsider the scope of its own remand order?

(2)   Did the Bankruptcy Court err in its interpretations of the release language of the Confirmed Plan?

(3)   Did the Bankruptcy Court err by not dismissing Appellees['] malpractice claims based on creditors' claims against Appellees allegedly caused by effects of the loss in value of SBMC through the filing of bankruptcy?[41]

Appellants' first issue seeks reversal of the Bankruptcy Court's April 22, 2015, Order Denying Defendants' Motion to Amend

---

[38]<u>Id.</u> at 7.

[39]Appellees' Response to Appellants' Motion to Dismiss Putative Cross-Appeal, Docket Entry No. 6, p. 2.

[40]<u>Id.</u>

[41]Appellants' Opening Brief, Docket Entry No. 12, p. 3.

or Clarify (Docket Entry No. 7-39).  Appellants' second and third

issues seek clarification and/or partial reversal of the Bankruptcy

Court's September 18, 2014, Order of Partial Dismissal and Remand

(Docket Entry No. 7-20).  Because for the reasons stated in § IV,

below, analysis of the first issue leads the court to conclude that

the Bankruptcy Court's April 22, 2015, Order Denying Defendants'

Motion to Amend or Clarify should be reversed and this action

remanded, the court does not reach the second and third issues on

appeal.

Final judgments, orders, and decrees of a bankruptcy court may

be appealed to a federal district court.  28 U.S.C. § 158(a).

Because the district court functions as an appellate court, it

applies the same standard of review that federal appellate courts

use when reviewing district court decisions, and may affirm,

modify, reverse, or remand with instructions for further

proceedings.  See Webb v. Reserve Life Ins. Co. (In re Webb), 954

F.2d 1102, 1103-04 (5th Cir. 1992).  This court reviews the

Bankruptcy Court's findings of fact for clear error and its

questions of law, or mixed questions of law and fact de novo.

McLain v. Newhouse (In re McLain), 516 F.3d 301, 307 (5th Cir.

2008); Wooley v. Faulkner (In re SI Restructuring, Inc.), 542 F.3d

131, 135 (5th Cir. 2008).

Appellants based their motion to amend or for clarification of

the Bankruptcy Court's September 18, 2014, Order of Partial

Dismissal and Remand on Federal Rule of Civil Procedure 59(e), which applies to Bankruptcy Cases pursuant to Federal Rule of Bankruptcy Procedure 9023. District Courts review bankrutpcy court denials of Rule 9023 motions for abuse of discretion. Edward H. Bohlin Co., Inc. v. The Banning Co., Inc., 6 F.3d 350, 353 (5th Cir. 1993) (citing Midland West Corp. v. F.D.I.C., 911 F.2d 1141, 1145 n.4 (5th Cir. 1990)). A court abuses its discretion when its decision is based on an erroneous legal conclusion or on a clearly erroneous finding of fact. See Daniels v. Barron (In re Barron), 325 F.3d 690, 692 (5th Cir. 2003).

## IV.   Analysis

Appellants argue that the Bankrutpcy Court's determination in its September 18, 2014, Order of Partial Dismissal and Remand that the Appellees had personal standing to bring claims based on alleged harm to SBMC was incorrect and should be reversed. Appellants argue that the Bankruptcy Court's later determination that it lacked jurisdiction to reconsider its admittedly erroneous interpretation of the Release of Exculpated Persons in SBMC's Plan is also incorrect and urge this court either (1) to take up the merits of their appeal and make a final determination that the Bankrutpcy Court erred by not dismissing all claims based on the alleged diminution of value to SBMC because the exculpatory release in SBMC's Plan bars all of Appellees' malpractice claims as a matter of law, or (2) to remand this action so that Bankruptcy

-15-

Court can complete its reconsideration of its September 18, 2014, Order of Partial Dismissal and Remand.[42]

Appellees argue that this appeal should be dismissed because the court lacks jurisdiction to review the Bankruptcy Court's remand order. Alternatively, Appellees argue that the court should affirm the Bankruptcy Court's Order Denying Defendants' Motion to Amend or Clarify, and dismiss Appellants' appeal of the Bankruptcy Court's Order of Partial Dismissal and Remand as untimely filed.

**A.  This Appeal Need Not Be Dismissed for Lack of Jurisdiction**

Appellees argue that this appeal should be dismissed for lack of subject matter jurisdiction because the Bankruptcy Court's remand order is not subject to appeal, and because even if the Bankruptcy Court's remand order is subject to appeal, Appellants' notice of appeal was not timely filed.

### 1.  This Court Has Jurisdiction to Review the Bankruptcy Court's Remand Order

Citing Things Remembered, Inc. v. Petrarca, 116 S. Ct. 494 (1995), and Telluride Asset Resolution, LLC v. Telluride Global Development, LLC (In re Telluride Income Growth LP), 364 B.R. 390, 399 (10th Cir. B.A.P. 2007), Appellees argue that this appeal should be dismissed because 28 U.S.C. § 1447(d) bars this court from reviewing the Bankruptcy Court's order of remand for lack of

---

[42]Appellants' Opening Brief, Docket Entry No. 12, p. 25; Appellants' Reply Brief, Docket Entry No. 18, p. 30.

subject matter jurisdiction.[43]  Appellants argue that the court has jurisdiction over this appeal because § 1447(d)'s bar to review of remand orders does not apply to district courts reviewing orders issued by bankruptcy courts, and because even if § 1447(d)'s bar does apply, this court has jurisdiction to review the Bankruptcy Court's order of partial dismissal pursuant to a judicially recognized exception to that bar for collateral orders.[44]

> (a)   28 U.S.C. § 1447(d) Does Not Prevent This Court from Reviewing the Bankruptcy Court's Remand Order

The authority of district courts to review bankruptcy court remand orders has been recognized by the Fifth Circuit Court of Appeals.  See Hawking v. Ford Motor Credit Co., 210 F.3d 540, 544, 550 (5th Cir. 2000) (recognizing that the District Court could affirm the Bankruptcy Court's judgment remanding certain claims to state court on equitable grounds, but holding that 28 U.S.C. § 1452(b) precluded appellate review of the district court's action).  The authority of district courts to review bankruptcy court remand orders arises from 28 U.S.C. § 158(a), which provides for appeal to district courts of judgments, orders, and decrees issued by bankruptcy courts, and § 1452, which governs "Removal of claims related to bankruptcy cases."   Section 1452 states:

---

[43]Appellees' Brief, Docket Entry No. 15, pp. 13-19.

[44]Appellants' Opening Brief, Docket Entry No. 12, pp. 11-15; Appellants' Reply Brief, Docket Entry No. 18, pp. 1-12, esp. pp. 7-9.

(a)   A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b)   The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452.

The language of § 1447(d) is similar to the language of § 1452 because in relevant part it provides:  "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . ."  28 U.S.C. § 1447(d).  Before being amended in 1990, § 1452(b) contained language identical to that of 28 U.S.C. § 1447(d).  Section 1452(b), however, was amended in 1990 to allow district court review of bankruptcy court remand orders in order to address constitutional concerns raised by the previous lack of district court review.  See In re Federal-Mogul Global, Inc., 300 F.3d 368, 389 n.14 (3d Cir. 2002), cert. denied sub nom. DaimlerChrysler Corp. v. Official Comm. of Asbestos Claimants, 123 S. Ct. 884 (2003) (citing Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 309, 104 Stat. 5089, 5113 (1990)).[45]

---

[45]As detailed in In re Federal-Mogul, 300 F.3d at 388-89, the legislative history of § 1452(b) confirms that Congress intended to (continued...)

45(...continued)
give district courts jurisdiction to review bankrutpcy court remand
orders when that section was amended to its current form as part of
the Judicial Improvements Act of 1990:

>        On behalf of the Courts Subcommittee of the Senate
> Judiciary Committee, Senator Charles Grassley, the
> ranking member of the subcommittee, read into the record
> its section-by-section analysis of the act.  The relevant
> portions of its analysis read as follows:

>        [The purpose of these changes is] to clarify that,
> with respect to certain determinations in bankruptcy
> cases, . . . appeals from the district courts to the
> courts of appeals [are forbidden but appeals are] not
> [forbidden] from bankruptcy courts to the district
> courts.

>        The statutes [as written before the changes] provide
> that bankruptcy judges' orders deciding certain motions
> (motions to abstain in favor of, or remand to, state
> courts) are unreviewable "by appeal or otherwise."
> Because bankruptcy judges may enter trial orders only if
> there is appellate review in an Article III court, one
> result of this limitation is that bankruptcy judges
> cannot make final judgments in such cases even when they
> clearly involve "core" proceedings.

>        [The changes] would authorize bankruptcy judges to
> enter binding orders in connection with abstention
> determinations under Title 11 or Title 28 and remand
> determinations under Title 28, subject to review in the
> district court.  The statutory language under each of
> these sections now provides that the decision of the
> bankruptcy court (to abstain or remand) "is not
> reviewable by appeal or otherwise."  The proposed
> amendment would modify these three sections to provide
> that the decision of the bankruptcy court is not
> reviewable "by the court of appeals . . . or by the
> Supreme Court of the United States . . ."  Such
> determinations would therefore be reviewable by the
> district court.

Id. (quoting 136 Cong. Rec. 36,290 (1990)).  As observed by the
Third Circuit, Senator Grassley's comments show

                                        (continued...)

-19-

The language of § 1452(b) specifies that appellate review of remand orders entered in bankruptcy cases is limited only when appellate jurisdiction arises under § 158(d), 1291, or 1292.  See 28 U.S.C. § 1452(b).  These three sections speak exclusively to the jurisdiction of the courts of appeals, not to the district courts acting in an appellate capacity.  See 28 U.S.C. §§ 158(d), 1291, 1292.  Because a district court's jurisdiction to review a bankruptcy court's remand order does not arise under any of the sections enumerated in § 1452(b), § 1452(b) does not preclude this court from reviewing the Bankruptcy Court's remand order.  See In re Midgard Corp., 204 B.R. 764, 768 (10th Cir. B.A.P. 1997) ("[T]his Court is not the court of appeals referred to in . . . [§] 1452(b). . . . Since the Court's jurisdiction does not arise under 28 U.S.C. §§ 158(d), 1291 or 1292, our jurisdiction is not limited by . . . [§] 1452(b).").

Courts holding that § 1452 does not preclude a district court from reviewing a bankruptcy court's decision to remand have

---

[45](...continued)
that these 1990 changes [to § 1452] were intended to make explicit that a district court, but not the Supreme Court or a court of appeals, could review a bankruptcy court's decision to remand and that decisions by a district court to remand were not reviewable.

Id. at 389.  See In re D'Angelo, 479 B.R. 649, 655 (E.D. Pa. 2012) (citing Senator Grassley's comments from the Congressional Record as evidence that the present version of § 1452(b) enacted December 1, 1990, "forbid[s] only appeals from the district courts to the courts of appeals, not from bankruptcy courts to the district courts").

-20-

explained that the terms "by appeal" and "by the court of appeals" used in § 1452 do not include district courts acting in their appellate capacity to review orders issued by bankruptcy courts. See also Dickinson v. Duck (In re Borelli), 132 B.R. 648, 652 (N.D. Cal. 1991) ("Because [§] 1452(b), as amended, retains district court review of remand decisions, there are . . . no constitutional impediments to the bankruptcy court's authority to enter a final order denying a motion to remand.  District court review satisfies the constitutional standard set forth in [Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 102 S. Ct. 2858, 2876, 2880 (1982)].  In Marathon the Supreme Court found part of the Bankruptcy Act of 1978 unconstitutional because it permitted Article I bankruptcy judges to decide cases without review by Article III judges."); The Farmers National Bank of Opelika, Alabama v. Robertson (In re Robertson), 258 B.R. 470, 472 (M.D. Ala. 2001) ("[T]here are many cases recognizing that a bankruptcy court's order remanding a case to state court is appealable to the district court [under 28 U.S.C. § 1452(b)], but not beyond."); In re D'Angelo, 479 B.R. at 655 ("[Section 1452] does not preclude review of a Bankruptcy Court's remand order by a United States District Court, nor could it do so without running afoul of the Supreme Court's decision in [Marathon, 102 S. Ct. at 2878].").

Appellees' argument that this court lacks jurisdiction to review the Bankruptcy Court's remand order rests on cases that have

-21-

interpreted the Supreme Court's conclusion in <u>Things Remembered</u>, 116 S. Ct. at 497, that "[t]here is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context," to deprive district courts of jurisdiction to review bankruptcy court remand orders when those orders are based on lack of subject matter jurisdiction or procedural defects in removal, <u>e.g.</u>, <u>Telluride</u>, 364 B.R. at 399-401, <u>Auto-Owners Insurance v. Rossi (In re Rossi)</u>, 444 B.R. 170, 173 (6th Cir. B.A.P. 2011), and <u>In re Richardson</u>, 319 B.R. 724 (S.D. Fla. 2005). The Bankruptcy Court concluded that the cases Appellees cite in support of their argument that district courts lack jurisdiction to review bankruptcy court remand orders "are based on a misunderstanding of the Supreme Court's <u>Things Remembered</u> decision."[46]

In <u>Things Remembered</u>, 116 S. Ct. at 494, the defendant removed a state court action both to the federal district court based on 28 U.S.C. § 1441 and to the bankruptcy court based on 28 U.S.C. § 1452(a). <u>Id.</u> at 496. The district court consolidated all proceedings before the bankruptcy court. The bankruptcy court found the removal timely under § 1441, but untimely under § 1452 and Bankruptcy Rule 9027. <u>Id.</u> The bankruptcy court's decision was appealed to the district court, which remanded the action to state court after finding that the bankruptcy court lacked jurisdiction

---

[46]Order Denying Defendants' Motion to Amend or Clarify, attached to Addendum to Appellants' BROA, Docket Entry No. 7-39, p. 4.

because removal had been untimely under both § 1441 and § 1452. Id. The district court's opinion was appealed to the Sixth Circuit Court of Appeals. Id. In an unpublished opinion the Sixth Circuit held that it was barred from reviewing the district court's remand order under both §§ 1447(d) and 1452(b). Id. (citing Petrarca v. Things Remembered, Inc., 65 F.3d 169 (6th Cir. 1994) (Order dismissing appeal)). The Supreme Court granted certiorari, 115 S. Ct. 1821 (1995), to consider "whether a federal court of appeals may review a district court order remanding a bankruptcy case to state court on grounds of untimely removal." Things Remembered, 116 S. Ct. at 496.

The Supreme Court began its analysis with the general rule prohibiting review of remand orders set forth in § 1447, which states in pertinent part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(c)-(d). Recognizing that the Court had long before decided that "§ 1447(d) must be read in pari materia with

-23-

§ 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)," id. at 497 (citing <u>Thermtron Products, Inc. v. Hermansdorfer</u>, 96 S. Ct. 584, 590-91 (1976)), the Court explained that read together, § 1447(c) and (d) foreclosed appellate review of the district court's remand order because that order was based on a defect in removal procedure which is one of the grounds specified in § 1447(c). <u>Id.</u> The Court explained:

> We reach the same conclusion regardless of whether removal was effected pursuant to § 1441(a) or § 1452(a)[, because §] 1447(d) applies "not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases removed under *any other statutes*, as well. . . . Absent a clear statutory command to the contrary, we assume that Congress is "aware of the universality of th[e] practice" of denying appellate review of remand orders when Congress creates a new ground for removal."

<u>Id.</u> (quoting <u>United States v. Rice</u>, 66 S. Ct. 835, 839 (1946)).

The Court also explained:

> There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing certain types of remands in bankruptcy, see § 1452(b) (authorizing remand on "any equitable ground" and precluding appellate review of any decision to remand or not to remand on this basis), does not change our conclusion. There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both.

<u>Id.</u> (citing <u>Connecticut National Bank v. Germain</u>, 112 S. Ct. 1146, 1149 (1992)). Thus, after analyzing the question of whether the

district court's remand order could be reviewed by a court of
appeals under both § 1447(d) and  § 1452(b), the Supreme Court
upheld the Sixth Circuit's holding that both § 1447(d) and
§ 1452(b) barred appellate review, stating:

> If an order remands a bankruptcy case to state court
> because of a timely raised defect in removal procedure or
> lack of subject-matter jurisdiction, then a court of
> appeals lacks jurisdiction to review that order under
> § 1447(d), regardless of whether the case was removed
> under § 1441(a) or § 1452(a).  The remand at issue falls
> squarely within § 1447(d), and the order is not
> reviewable on appeal.

Things Remembered, 116 S. Ct. at 497.

In Telluride, 364 B.R. at 399-401, and the other cases on
which Appellees rely, the courts have read Things Remembered to
preclude district courts from reviewing orders of remand issued by
bankruptcy courts for procedural defects and subject matter
jurisdiction.  But these courts have overlooked the fact that the
Supreme Court's ruling in Things Remembered addressed the
jurisdiction of the court of appeals over an order of remand issued
by a district court and, thus, is inapposite and does not control
the outcome of a case in which the remand order at issue was not
entered by a district court but, instead, by a bankruptcy court.
See In re D'Angelo, 479 B.R. at 655 & n.4.  Courts that have
interpreted Things Remembered as precluding district courts from
reviewing bankruptcy court remand orders also overlook the fact
that their interpretation impermissibly deprives Article III
district courts of the right to oversee Article I bankruptcy

-25-

courts.  See id. at 655 ("[§ 1452] does not preclude review of a
Bankruptcy Court's remand order by a United States District Court,
nor could it do so without running afoul of the Supreme Court's
decision in [Marathon, 102 S. Ct. at 2876, 2880]."); Biglari
Import & Export, Inc. v. Nationwide Mutual Fire Insurance Co. (In
re Biglari Import & Export, Inc.), 142 B.R. 777, 781 (Bankr. W.D.
Tex. 1992) ("[T]he provision in § 1447(d) that '[a]n order
remanding a case to the State court from which it was removed is
not reviewable on appeal or otherwise . . .' runs counter to the
requirement that the decisions of Article I judges be subject to
some sort of review by an Article III court in order to avoid
violating Article III of the Constitution.").  Accordingly, this
court is not persuaded that this appeal is subject to dismissal
because 28 U.S.C. § 1447(d) bars a district court from reviewing a
remand order issued by a bankruptcy court for lack of subject
matter jurisdiction.

> (b)  An Exception to § 1447(d) Allowing Review of
>      Collateral Orders Allows This Court to Review the
>      Bankruptcy Court's Order of Partial Dismissal

Alternatively, citing Regan v. Starcraft Marine, LLC, 524 F.3d
627, 631-32 (5th Cir. 2008), Appellants argue that even if pursuant
to 28 U.S.C. § 1447(d) this court has no jurisdiction to review the
Bankruptcy Court's remand order, the Bankruptcy Court's dual
rulings on their motion to dismiss qualify for review under the
collateral order doctrine:

Before beginning its analysis on its remand
decision, the Bankruptcy Court correctly determined it
had: (1) jurisdiction to determine whether the claims
asserted by Appellees belonged to the Debtor; and
(2) continuing jurisdiction to interpret the Plan's
exculpatory clause to determine whether Appellees' state
law claims were barred. . . .

The Bankruptcy Court initially determined first that
the exculpatory clause did not bar the Appellees' claims,
but now admits that determination was a manifest error of
law. . . Furthermore, the Bankruptcy Court determined
that part of the Appellees' claims survived Appellants'
Rule 12(b)(6) Motion to Dismiss and expressly held that
some of these claims were individual rather than
corporate claims. . . . Both of these determinations were
substantive, and were independent of the later remand
determination both "in logic and in fact," and
significantly altered the rights of the parties.

An order is sufficiently conclusive when "it will
have a preclusive effect in the state-court litigation
and will not be subject to review there." *Regan*, 524
F.3d at 631. A state court cannot act as a court of
appeals for a federal court and, without appropriate
review, these final orders would bind Appellants but give
them no redress on appeal. Furthermore, the language of
the Bankruptcy Court's final order shows its preclusive
effect as the parties were expressly warned they would be
sanctioned for making claims or arguments "inconsistent"
with the Order's terms.[47]

In <u>Regan</u>, 524 F.3d at 631-32, the Fifth Circuit found a

portion of the district court's dismissal order reviewable even

though it was coupled with a remand order that was not reviewable.

The Fifth Circuit's holding in <u>Regan</u> was based, in pertinent part,

on a severability exception to § 1447(d) recognized by the Supreme

Court in <u>City of Waco, Tex. v. United States Fidelity & Guaranty</u>

<u>Co.</u>, 55 S. Ct. 6, 7 (1934). <u>See</u> <u>Doleac ex rel. Doleac v.</u>

---

[47]Appellants' Reply Brief, Docket Entry No. 18, pp. 8-9.

Michalson, 264 F.3d 470, 478 (5th Cir. 2001) (recognizing that courts apply City of Waco in support of a judicially created "doctrine that partially restrains the otherwise preclusive § 1447(d)").

In City of Waco, 55 S. Ct. at 7, the district court entered a single decree embodying three separate orders, including one order dismissing a cross-complaint against one party, and another order remanding because there was no diversity of citizenship in light of the dismissal. The Supreme Court held that appellate jurisdiction existed to review the order of dismissal. Id. The Court explained:

> True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.

Id. The Court cautioned, however, that a reversal could not set aside the remand order. Id. ("A reversal cannot affect the order of remand, but it will at least, if the dismissal of the petitioner's complaint was erroneous, remit the entire controversy, with the Fidelity Company still a party, to the state court . . ."). See also Powerex Corp. v. Reliant Energy Services, Inc., 127 S. Ct. 2411, 2419 (2007) (stating that the City of Waco Court "cautioned that the remand order itself could not be set aside").

The Fifth Circuit has recognized that courts applying the City of Waco exception generally conduct "a two-step inquiry

-28-

involving both separability from the remand itself and the collateral order doctrine." Fontenot v. Watson Pharmaceuticals, Inc., 718 F.3d 518, 521 (5th Cir. 2013) (citing Doleac, 264 F.3d at 479, 485). The first question is whether the order is distinct and separable from the remand order and, therefore, not encompassed within § 1447(d)'s bar to review of a remand. Regan, 524 F.3d at 631. The second question is whether there is some procedural mechanism for an appeal of the separable order. Id. at 632. In cases where the exception applies, "[t]he focus is not on an alleged error in remanding for lack of jurisdiction . . . but . . . on an alleged underlying error [that caused the decision to remand]." Doleac, 264 F.3d at 478. See also Powerex Corp., 127 S. Ct. at 2419 (recognizing that the applicability of the City of Waco exception has been restricted to reviewable orders that (1) have a preclusive effect upon the parties in subsequent proceedings and (2) are severable, both logically and factually, from the remand order). The Fifth Circuit's opinion in Mitchell v. Carlson, 896 F.2d 128 (5th Cir. 1990), provides guidance in applying the two-step inquiry.

In Mitchell the plaintiff was an employee at a federal military facility who sued her supervisor, Carlson, in state court for claims arising from a work-related altercation. The United States filed a notice of substitution under the Westfall Act, 28 U.S.C. § 2679, and removed the action to federal court. Id. at 130. The district court concluded the substitution was

-29-

improper, resubstituted Carlson, and remanded the case to state court.  Id.  On appeal the Fifth Circuit held § 1447(d) barred consideration of the remand order because it was based on lack of jurisdiction, id. at 131 & n.3, but held that the resubstitution order was reviewable under City of Waco and its progeny because the resubstitution order was separable from the remand order, and had the district court dismissed the action against the United States without resubstituting Carlson, there would have been no action to remand.  Id. at 131-32 ("the resubstitution order being prior to and separable from the remand order, § 1447(d) does not bar . . . review of the resubstitution order.").  Upon considering the question of appealability, the Fifth Circuit held that the collateral order doctrine allowed appeal because the resubstitution order effectively denied Carlson immunity and could not be reviewed by the state court.  Id. at 133.  Holding that the resubstitution was in error, and that after dismissing the United States the district court should have dismissed the action, the Fifth Circuit reversed and dismissed.  Id. at 135.

Mitchell is analogous to the present case because like the Bankruptcy Court's order of partial dismissal in which the court determined that the Release of Exculpated Persons in SBMC's confirmed Plan did not bar Appellees' claims, the separable order at issue in Mitchell subjected an otherwise immune party to suit, and had the court not erred, no case would have remained for remand.

The first question before the court is whether the Bankruptcy Court's order of partial dismissal is separable from its remand order.  "An order is 'separable' if it precedes the remand order 'in logic and in fact' and is 'conclusive.'"  <u>Regan</u>, 524 F.3d at 631 (citing <u>First National Bank v. Genina Marine Services, Inc.</u>, 136 F.3d 391, 394 (5th Cir. 1998) (quoting <u>City of Waco</u>, 55 S. Ct. at 7)).  The Bankrutpcy Court's Order of Partial Dismissal and Remand is based on the court's determination that Appellees' claims were not barred by the Release of Exculpated Persons in SBMC's confirmed Plan.  Because that determination necessarily preceded the remand order, and will have preclusive effect in the state-court litigation, the Bankruptcy Court's order of partial dismissal is both separable from its remand order and conclusive of Appellants' contention that the Release of Exculpated Persons in SBMC's Plan bar Appellees' claims.  Unless subject to review in this court, the Bankruptcy Court's partial denial of Appellants' motion to dismiss has unreviewably determined that Appellees' claims are not barred by the Release of Exculpated Persons in SBMC's confirmed Plan.  Thus, the court concludes that the Bankruptcy Court's order partially denying Appellants' motion to dismiss is a separate order that conclusively determined the applicability of the Release of Exculpated Persons in SBMC's confirmed Plan to Appellees' claims.

The second question is whether the Bankrutpcy Court's order of partial dismissal is appealable under the rule of finality or under

the collateral order exception to that rule recognized by the
Supreme Court in <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 69
S. Ct. 1221 (1949).   In <u>Quackenbush v. Allstate Ins. Co.</u>, 116
S. Ct. 1712, 1718-20 (1996), the Court described the rule of
finality and the collateral order exception as follows:

> [A] decision is ordinarily considered final and
> appealable under § 1291 only if it "ends the litigation
> on the merits and leaves nothing for the court to do but
> execute the judgment." . . . We have . . . recognized,
> however, a narrow class of collateral orders which do not
> meet this definition of finality, but which are
> nevertheless immediately appealable under § 1291 because
> they "'conclusively determine [a] disputed question'"
> that is "'completely separate from the merits of the
> action,'" "'effectively unreviewable on appeal from a
> final judgment,'" . . . and "too important to be denied
> review."

The Bankruptcy Court's order of partial dismissal did not end
the litigation on the merits and leave nothing for the court to do
but execute the judgment, but it did conclusively determine a
disputed question, i.e., the applicability of the Release of
Exculpated Persons in SBMC's confirmed Plan to the Appellees'
claims.   The disputed question concerning the applicability of the
Release of Exculpated Persons in SBMC's confirmed Plan to
Appellees' claims is an issue that is completely separate from the
merits of the action, effectively unreviewable on appeal from final
judgment, and too important to be denied review.   Moreover, when
Appellants moved the Bankruptcy Court to amend or clarify its Order
of Partial Dismissal and Remand, the Bankruptcy Court agreed to
reopen the record upon concluding that its original determination

-32-

that the Release of Exculpated Persons in SMBC's confirmed Plan did not bar Appellees' claims was based on a manifest error of law. Thus, the court concludes that the Bankruptcy Court's order partially denying Appellants' motion to dismiss is appealable under the collateral order exception to the rule of finality.   See Quackenbush, 116 S. Ct. at 1718-20; Mitchell, 896 F.2d at 132-33.

### 2.   Appellants' Notice of Appeal Was Timely Filed

Asserting that the Bankrutpcy Court was divested of subject matter jurisdiction either on September 18, 2014 -- the date that the Bankruptcy Court issued its remand order -- or at the latest on September 22, 2014 -- the date that the clerk of the court mailed a certified copy of the remand order to the state court --, Appellees argue that Appellants' notice of appeal was not timely filed because Appellants' motion to amend filed on September 24, 2014, did not toll the deadline for filing an appeal.[48]  Appellants counter that their notice of appeal was timely filed because the Bankruptcy Court did not deny their motion to amend or clarify until April 22, 2015, and the timeliness of the notice of appeal must be measured from that date and not, as the appellees contend, from the date of the remand order or the date the clerk mailed a certified copy of the remand order to the state court.[49]

_____

[48]Appellees' Brief, Docket Entry No. 15, p. 22.

[49]Appellants' Opening Brief, Docket Entry No. 12, pp. 11-15; Appellants' Reply Brief, Docket Entry No. 18, pp. 1-12.

Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal in a bankruptcy proceeding must be filed "within 14 days after entry of the judgment, order, or decree being appealed." However, Rule 8002(b) provides that:

> If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> > **(A)** to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;
> >
> > **(B)** to alter or amend the judgment under Rule 9023;
> >
> > **(C)** for a new trial under Rule 9023; or
> >
> > **(D)** for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

A district court lacks jurisdiction to entertain an appeal that is not filed within the fourteen-day period prescribed by Federal Rule of Bankruptcy Procedure 8002. "The proper remedy in such a situation is to vacate the decision of the district court and remand with instructions to dismiss the appeal." Berman-Smith v. Gartley (In re Berman-Smith), 737 F.3d 997, 1003 (5th Cir. 2013) ("Since the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, we conclude that the time limit is jurisdictional. Accordingly . . . the failure to file a timely notice of appeal in the district court leaves the district court . . . without jurisdiction to hear the appeal.").

There is no dispute that Appellants' Notice of Appeal was timely filed less than fourteen days after the Bankruptcy Court entered its April 22, 2015, order denying their Motion to Amend or Clarify the September 18, 2014, order of partial dismissal and remand. At issue is whether Appellants' Motion to Amend or Clarify tolled the period for filing their notice of appeal for the Bankrutpcy Court's September 18, 2014, Order of Partial Dismissal and Remand. Resolution of this issue depends on whether the Bankruptcy Court had jurisdiction to consider Appellants' Motion to Amend or Clarify. Asserting that they filed their Motion to Amend or Clarify on September 24, 2014, less than one week after the Bankrutpcy Court issued its Order of Partial Dismissal and Remand on September 18, 2014, Appellants argue that pursuant to Bankruptcy Rule 8002(b) their Motion to Amend or Clarify tolled the period for filing a notice of appeal until fourteen days after the Bankruptcy Court issued the order denying their motion on April 22, 2015.

Appellees' argument that Appellants' notice of appeal was not timely filed is based on their contention that 28 U.S.C. § 1447(d) barred the Bankruptcy Court from considering Appellants' Motion to Amend or Clarify because when Appellants filed that motion on September 24, 2014, jurisdiction had already been divested from the Bankruptcy Court to the state court. Since, however, for the reasons set forth in § IV.B, below, the court has concluded that the Bankruptcy Court erred when it determined that it was without

jurisdiction to consider Appellants' motion to amend or clarify, the filing of that motion within fourteen days of the Bankruptcy Court's September 18, 2014, Order of Partial Dismissal and Remand tolled the period for filing notice of appeal until April 22, 2015, the date the Bankruptcy Court disposed of Appellants' motion to amend or clarify. Because Appellants' notice of appeal was filed within fourteen days of the April 22, 2015, order denying their motion to amend or clarify, Appellants' notice of appeal was not untimely, and this appeal is not subject to dismissal for that reason.

**B.  The Bankruptcy Court Erred By Denying Appellants' Motion to Amend or Clarify for Lack of Subject Matter Jurisdiction**

Citing 28 U.S.C. § 1447 and the Fifth Circuit's opinion in Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984), the Bankruptcy Court denied Appellants' motion to amend or clarify on the basis that its partial granting of Appellees' motion to remand and/or the clerk's mailing of a certified copy of the remand order to the state court divested it of jurisdiction to consider the Appellants' Motion to Amend or Clarify.  The Bankrutpcy Court explained its reasoning as follows:

> Because of this broad language in 28 U.S.C. § 1447 preventing review on appeal *or otherwise*, district courts are prohibited from reconsidering their own remand orders. *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986). In dicta, the Fifth Circuit has extended this prohibition to bankruptcy courts. *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984). In *Browning*, the Fifth Circuit held that a bankruptcy court could not issue a conditional remand order because it was tantamount to reconsidering its remand decision on the occurrence of a specified condition. *Id*. at 1083.

The Fifth Circuit reasoned that "[i]f we held that a remand could be revoked by its issuing court via an automatic revocation provision which the court itself concocted, we would be authorizing a bankruptcy court to do indirectly that which it is prohibited from doing directly": "review[ing] and revok[ing] the order subsequent to the occurrence of the condition." *Id.* The Fifth Circuit further noted that "[i]t is axiomatic that remanding a case to state court terminates the jurisdiction of a federal bankruptcy or district court over that case." *Id.* at 1078. The jurisdictional divestiture becomes effective at least by the time that the remand order is certified and mailed to state court by the clerk of the district court. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001).

In the suit at bar, the Partial Dismissal and Remand Order was sent by certified mail to the state court on September 22, 2014, and the Motion for Reconsideration was filed on September 24, 2014. Consequently, based upon *Browning v. Navarro*, this Court concludes that it does not have jurisdiction to reconsider the Partial Dismissal and Remand Order.[50]

1.  <u>The Bankruptcy Court Retained Jurisdiction to Consider Appellants' Motion to Amend or Clarify</u>

Appellants argue that the Bankruptcy Court erred by denying their Motion to Amend or Clarify for lack of subject matter jurisdiction because the law on which the <u>Browning</u> court based its holding that review of a bankruptcy court's remand order was prohibited "on appeal *or otherwise*," i.e., 28 U.S.C. § 1478 (superseded in 1984 by § 1452), has since been amended for the express purpose of allowing district courts to review bankruptcy court remand orders.[51]  Asserting that "if this Court is not

---

[50]Order Denying Defendants' Motion to Amend or Clarify, Docket Entry No. 7-39, pp. 5-6.

[51]Appellants' Opening Brief, Docket Entry No. 12, pp. 11-15.

precluded from reviewing the Bankruptcy Court's remand order, there is no reason why the Bankruptcy Court could not first reconsider its own order,"[52] Appellants argue that the Bankruptcy Court had jurisdiction to reconsider its order of partial dismissal and remand, and erred by concluding otherwise.[53] Thus, Appellants urge

> this Court [to] reverse the Bankruptcy Court's
> determination that it was without jurisdiction to
> reconsider its prior remand order . . . and remand this
> matter back to the Bankruptcy Court to permit that court
> to finalize all findings and proceedings consistent with
> that Court's October 30, 2014 Order Reopening the
> Record.[54]

Appellees argue that the Bankruptcy Court correctly ruled that it lacked jurisdiction to reconsider its own remand order.[55]

In Browning, 743 F.2d at 1076, the Fifth Circuit observed that the text of 28 U.S.C. § 1478(b) -- superseded in 1984 by § 1452 -- stated that remand orders were "not reviewable by appeal or otherwise." Analogizing the rule of nonreviewability applicable to bankruptcy cases in § 1478(b) to the general rule of nonreviewability in § 1447(d), the Fifth Circuit held that "§ 1478(b), which contains language paralleling that of § 1447(d), bars our review, however indirect, of a bankruptcy court's order of remand." Id. at 1078.   The Court also held that "[t]he federal

---

[52]Id. at 15.

[53]Appellants' Reply Brief, Docket Entry No. 18, pp. 1-12, esp. pp. 7-9.

[54]Appellants' Opening Brief, Docket Entry No. 12, p. 15.

[55]Appellees' Brief, Docket Entry No. 15, pp. 19-22.

court is completely divested of jurisdiction once it mails a
certified copy of the order to the clerk of the state court." Id.
In both Arnold, 278 F.3d at 438, and Majoue, 802 F.2d at 167, the
Fifth Circuit interpreted 28 U.S.C. § 1447(d) and held that once a
district court mails a certified copy of a remand order to a state
court, the district court is divested of jurisdiction to review
that remand order.

Observing that the clerk of the court mailed a certified copy
of the remand order to the clerk of the state court on
September 22, 2014, two days before Appellants filed their Motion
to Amend or Clarify on September 24, 2014, the Bankruptcy Court
judge read Browning, Arnold, and Majoue to mean that he lacked
jurisdiction to consider Appellants' motion to amend or clarify
because Appellants' motion had not been filed until after
jurisdiction had been divested from the bankruptcy court to the
state court.  Since, however, Browning was decided before Congress
passed the 1990 Judicial Improvements Act amending § 1452(b) to
allow district court review of bankruptcy court remand orders,
Browning is no longer good law insofar as it treats bankruptcy
court remand orders as non-reviewable "by appeal or *otherwise*."
Because unlike Arnold and Majoue the present case does not involve
a remand order issued by a district court but, instead, a remand
order issued by a bankruptcy court, and because for the reasons
stated in § IV.A., above, the court has already concluded that
§ 1447(d) does not prevent this court from reviewing the Bankruptcy

Court's remand order, <u>Arnold</u> and <u>Majoue</u> are inapposite. Accordingly, the court concludes that the Bankruptcy Court erred by relying on <u>Browning</u>, <u>Arnold</u>, and <u>Majoue</u> and, therefore, abused its discretion by concluding that it lacked jurisdiction to consider Appellants' Motion to Amend or Clarify.[56]  <u>See</u> <u>In re Barron</u>, 325 F.3d 690, 692 (5th Cir. 2003) (recognizing that a court abuses its discretion when that discretion is guided by an erroneous legal conclusion).

Because for the reasons stated in § IV.A, above, the court has concluded that the Bankruptcy Court's remand order is reviewable by this court, the remand order is a final order subject to treatment like any other final order.  <u>See</u> <u>Quackenbush</u>, 116 S. Ct. at 1718-20.  <u>See also</u> <u>Thomas v. LTV Corp.</u>, 39 F.3d 611, 616 (5th Cir. 1994) (remand orders not subject to § 1447(d) are "treated like any other final judgment"); <u>Firefighters' Retirement System v. Citco Group Ltd.</u>, 796 F.3d 520, 524-25 (5th Cir. 2015), <u>cert. denied</u>, 136 S. Ct. 896 (2016) (holding that when § 1447(d)'s statutory bar to review does not apply, a remand order is a final order for purposes of 28 U.S.C. § 1291, the statute governing "Final decisions of district courts").  As the Fifth Circuit stated in <u>In re Shell Oil</u>

---

[56]<u>See</u> Appellants' Opening Brief, Docket Entry No. 12, p. 11 ("The Bankruptcy Court did not permit the Appellants to respond before issuing its ruling, and that court never had the benefit of this briefing before arriving at its decision.  The *Browning* decision does not control this matter and, in no way, prevented the Bankruptcy Court from reconsidering its earlier remand order that contained an admitted manifest error of law.").

<u>Co.</u>, 932 F.2d 1523 (5th Cir. 1991), "where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" <u>Id.</u> at 1528 (quoting <u>In re Shell Oil Co.</u>, 631 F.2d 1156, 1158 (5th Cir. 1980). Moreover, the exception to non-reviewability applies even though the certified copy of the remand order has been mailed to the clerk of the state court. <u>Id.</u>

A bankruptcy court is similarly free to reconsider any of its final orders, subject to the limitations of Federal Rule of Bankruptcy Procedure 9023. <u>See</u> <u>Matter of Aguilar</u>, 861 F.2d 873, 875 (5th Cir. 1988) (per curiam) ("We . . . hold that a motion to reconsider, brought before the time to appeal has expired, is . . . properly treated as a Rule 9023 motion which tolls the . . . period for appeal[].").  When a remand order is subject to treatment like any other final order the issuing court "retains jurisdiction until the time for filing an appeal has expired or until a valid notice of appeal is filed.  When a timely Rule 59(e) motion has been filed, the district court retains jurisdiction . . . [until] after ruling on the motion." <u>Thomas</u>, 39 F.3d at 616.  Because Appellants' Motion to Amend or Clarify the Bankruptcy Court's Order of Partial Dismissal and Remand was filed less than fourteen days after entry of that order, Appellants' motion was filed before the time to appeal expired and, therefore, must be treated as a motion

filed under Bankruptcy Rule 9023, which the Bankruptcy Court had jurisdiction to consider.  <u>See</u> Fed. R. Bankr. P. 8002(a).

## 2.  <u>Remand is Appropriate</u>

Having determined that the Bankruptcy Court retained jurisdiction to adjudicate Appellants' Motion to Amend or Clarify, the court must decide whether to proceed to the merits of the case or reverse and remand to the Bankruptcy Court.  When a lower court has failed to reach a question that becomes critical to review on appeal, an appellate court may sometimes resolve the issue on appeal instead of remanding.  <u>See</u>, <u>e.g.</u>, <u>Chase Manhattan Bank, N.A. v. American National Bank and Trust Co. of Chicago</u>, 93 F.3d 1064, 1072 (2d Cir. 1996).  This procedure is appropriate when the factual record is developed and the issues provide purely legal questions, upon which an appellate court exercises plenary review. In such a case an appellate court can act just as a trial court would, and nothing is lost by having the reviewing court address the disputed issue in the first instance.  <u>See</u> <u>Otto v. Variable Annuity Life Ins. Co.</u>, 814 F.2d 1127, 1138 & n.11 (7th Cir. 1986). Such a procedure is not appropriate, however, when the issue to be addressed is not a purely legal question but a question that requires exercise of discretion or fact-finding.  In such cases it is inappropriate and unwise for an appellate court to step in.  <u>See</u> <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 100 S. Ct. 1460, 1466 (1980) ("[T]he proper role of the court of appeals is not to

reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record."). This is such a case.

Because a decision to grant or deny a motion for reconsideration is a discretionary decision, factual determinations supporting such a decision are reviewed under a clearly erroneous standard. See Edward H. Bohlin, 6 F.3d at 353; In re Barron, 325 F.3d at 692. Appellants' Motion to Amend or Clarify asked the Bankruptcy Court to reconsider its classification of some of Appellees' state law claims as direct instead of derivative and its interpretation of the Release of Exculpated Persons in SBMC's confirmed Plan. The Bankruptcy Court agreed to reopen the record to develop extrinsic evidence on the meaning of the Release of Exculpated Persons. The merits of Appellants' Motion to Amend or Clarify thus fall within the zone of discretion and judgment that is best addressed initially by the Bankruptcy Court. Accordingly, the court will not reach the merits of Appellants' motion and, instead, will remand this case to the Bankruptcy Court so that court can take whatever steps are necessary to resolve Appellants' post-judgment Motion to Amend or Clarify. If Appellants' reconsideration motion is granted, and if the Bankrutpcy Court decides to amend its September 18, 2014, Memorandum Opinion and Order, the Bankruptcy Court may need to vacate its Order of Partial

-43-

Dismissal and Remand and give appropriate notification to the state court.  If Appellants' motion is denied, however, no such steps will be necessary.  Of course, this court does not express any opinion as to the merits of Appellants' motion, leaving it to the sound discretion of the Bankruptcy Court.

## V.  Conclusions and Order

For the reasons stated in § II, above, Appellants' Motion to Dismiss Putative Cross-Appeal (Docket Entry No. 2) is **DENIED AS MOOT**.  For the reasons stated in § IV, above, the Bankruptcy Court's April 22, 2015, Order Denying Defendants' Motion to Amend or for Clarification of Judgment of Partial Dismissal and Remand Order Pursuant to Bankr. R. Pro. 9023 (Adversary Docket Entry No. 90) is **REVERSED**.  This action is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion and Order.

**SIGNED** at Houston, Texas, on this 21st day of March, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-44-